UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON ROMAN,<br>      *Petitioner*,<br>   *v.*<br>UNITED STATES OF AMERICA,<br>      *Respondent*. | Civil No. 3:13cv432 (JBA)<br><br>February 24 2015 |

**RULING DENYING PETITIONER'S MOTION UNDER § 2255**

On April 1, 2013, Petitioner Milton Roman, incarcerated at FCI Pollock filed a *pro se* Petition [Doc. # 1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Attorney J. Patten Brown was subsequently appointed to represent Mr. Roman. Mr. Brown filed an amended petition, styled as a Reply [Doc. # 23] to the Government's Opposition [Doc. # 6]. For the following reasons, Mr. Roman's petition is denied.

**I.    Background**

On December 13, 2007, Mr. Roman pled guilty to conspiring with the intent to distribute and to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (*United States v. Roman*, No. 3:06cr268 [Doc. # 1023].) Mr. Roman was subsequently sentenced on February 17, 2010 to 240 months' imprisonment, the mandatory minimum sentence. (*Id.* [Doc. # 1443].)  On February 24, 2010, Mr. Roman filed an appeal, in which he argued that the Court failed to satisfy the notice requirements of 21 U.S.C. § 851(b) and erred in imposing a second offender enhancement under 21 U.S.C. § 841(b)(1)(A). The Second Circuit rejected these arguments, holding that although the Court did fail to comply with the procedures required by § 851(b), the error was harmless, and the Court's

application of the second offender enhancement was proper. (*Id.*, Summ. Order [Doc. # 1554] at 4–5.)

II.   **Discussion**

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected if their "sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mr. Roman raises four arguments in support of his petition: (1) he received ineffective assistance of counsel during plea bargaining; (2) the second offender enhancement was not proper; (3) he should be resentenced under the Fair Sentencing Act; and (4) the Government's delay in charging him constituted entrapment.

A.   **Ineffective Assistance of Counsel at Plea Bargaining**

A petitioner seeking to bring an ineffective counsel claim must demonstrate: (1) "that [his] counsel's representation fell below an objective standard of reasonableness;" and (2) "any deficiencies in [his] counsel's performance [were] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688 & 692 (1984). A court assessing such a claim "must be highly deferential" to counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Here, Mr. Roman contends that his Sixth Amendment right to effective representation was violated when, during plea bargaining, his counsel "told him to lie and admit to having been responsible for more than 5 kilograms" of powder cocaine, when in fact he was not guilty of the offense. (Reply [Doc. # 23] at 6.) The problem with Mr. Roman's argument is that, as his counsel acknowledges, "[a]t the time [Mr. Roman was

2

sentenced] the 20 year mandatory minimum in this case was triggered by being held responsible, either directly or through relevant conduct, [for either] 50 grams of Cocaine Base [or] 5 Kilogram[s] of Cocaine" (Reply at 6), and Mr. Roman expressly admits that he was guilty of conspiring and distributing 50 grams or more of cocaine base  (*see* § 2255 Pet. [Doc. # 1] at 10).  Therefore, even if Mr. Roman received ineffective assistance of counsel with respect to his admission of guilt on the powder cocaine charge, he was not prejudiced by his counsel's error.  He would have received the mandatory minimum of 20 years even if he had not pled guilty to the powder cocaine charge.  Because he cannot demonstrate prejudice, Mr. Roman cannot satisfy the second prong of *Strickland* and his claim necessarily fails.

   B. **Improper Second Offender Enhancement**

Mr. Roman's second claim is that the Court erred in sentencing him as a second offender.  Under 21 U.S.C. § 841(b)(1)(A), any person who violates § 841(a) "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment."  Section 851(b) creates a notice requirement under which, before a court applies the second offender enhancement provided for under § 841(b)(1)(A), it must ask the defendant to "affirm[] or den[y] that he has been previously convicted as alleged in the information" and inform the defendant "that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack he sentence."  Mr. Roman now argues, as he did in his appeal, that he did not receive a proper § 851(b) notice, and that the Court erred in relying upon his state convictions to determine that he was a second offender.  (*See* Addendum [Doc. # 1-1] to § 2255 Pet. at 1.)  However, as Mr. Roman's counsel concedes (*see* Reply at 8), Petitioner specifically

3

raised both of these arguments on appeal, and the Second Circuit explicitly rejected them (*see* Summ. Order at 4–5).  Since defendants may not use a § 2255 petition to "relitigat[e] . . . issues already decided on direct appeal," *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010), Mr. Roman is foreclosed from raising his second offender claims again now.

### C. Fair Sentencing Act

Mr. Roman next claims that he should be resentenced pursuant to the Fair Sentencing Act ("FSA").  The FSA, enacted in 2010, and effective as of August 3, 2010, reduced the disparity in mandatory minimum sentences for dealing in crack and powder cocaine from 100-to-1 to 18-to-1.  124 Stat. 2372.  While the Supreme Court has directed courts to apply the new sentencing scheme to offenders whose conduct took place before the Act became effective but who were sentenced after, the Supreme Court has not yet ruled on whether courts should apply the new sentencing scheme to offenders, like Mr. Roman, whose conduct and sentencing predated the Act.  *See Dorsey v. United States*, 132 S. Ct. 2321, 2336 (2012).  The Second Circuit has however, ruled on that question and has expressly rejected the argument Mr. Roman makes now.[1]  *See United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) ("[T]he FSA cannot be applied to reduce Appellant's sentence because, inter alia, he was convicted and sentenced before the FSA was enacted.").  The Fair Sentencing Act does not, therefore, provide a basis for granting Mr. Roman's § 2255.

---

[1] In his Response to the Government's Supplemental Memorandum in Opposition [Doc. # 26] Petitioner asks the Court to place this matter in abeyance until the Supreme Court acts on the petition for certiorari in *United States v. Blewett*, 719 F.3d 482, 494.  However, this request is now moot, as the Supreme Court has denied the petition for certiorari in that case.

### D. Sentencing Entrapment

Mr. Roman's final claim is that the Government entrapped him by not charging him after the first controlled buy, and instead encouraging him to continue to sell, such that by the time he was charged, he was facing a significant amount of prison time based on the total quantity of drugs he had sold to government agents. Although "imperfect entrapment" may be recognized in this Circuit, *see United States v. Oliveras*, 359 F. App'x 257, 261 (2d Cir. 2010), it is, as Petitioner's counsel acknowledges in his Reply (*see* Reply at 9), merely a basis upon which district courts may decide to grant a downward departure. It is not relevant in a case such as this where the defendant was sentenced to a mandatory minimum sentence.

### III. Conclusion

For the foregoing reasons, Mr. Roman's Petition [Doc. # 1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of February, 2015.